# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 11, 2013

Lyle W. Cayce
Clerk

No. 12-50453
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHARLA MONZINGO DRERUP,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-381-3

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Sharla Monzingo Drerup was convicted of one count of aiding and abetting the importation of less than 50 kilograms of marijuana and was sentenced to 33 months of imprisonment. Drerup's sole contention on appeal is that the evidence was insufficient to support her conviction. In support, she argues that the jury and the district court should have discounted the testimony of her codefendant Nicholas Tafoya.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Drerup preserved this sufficiency-of-the-evidence contention in the district court, our review is de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). We will uphold the jury's verdict if a rational trier of fact could conclude that "the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted). "[W]e do not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Drerup argues that her conviction cannot stand because it rests on "unreliable" evidence: Tafoya's testimony. This contention lacks merit. In addition to disclosing that he had three prior felony convictions and that he initially lied to several federal agents with respect to the marijuana smuggling trip at issue, Tafoya disclosed the following: (1) Drerup knew that the purpose of the trip was to transport marijuana from Mexico to the United States; (2) Drerup knew that she would be receiving $2,000 for her efforts; and (3) Drerup needed the money to bail a close friend, Matthew Fagan, out of jail. During trial, the Government offered evidence, including text messages between Drerup and Tafoya and recorded conversations between Drerup and Fagan, that substantiated Tafoya's testimony. As Tafoya's testimony was not incredible as a matter of law, the jury's choice to credit his testimony must be respected. *See United States v. Landerman*, 109 F.3d 1053, 1067-68 (5th Cir. 1997). Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that the evidence established Drerup's guilt beyond a reasonable doubt. *See Percel*, 553 F.3d at 910.

Accordingly, the judgment of the district court is AFFIRMED.